UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN LEE CZAPLA, ) | Case No. C08-236-JCC-JPD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| DEE DEE EVERGREEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

Plaintiff Stephen Czapla is currently confined at the King County Regional Justice Center in Kent, Washington. Appearing *pro se*, he has been granted leave to proceed *in forma pauperis* and has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against a private citizen named Dee Dee Evergreen and members of her family.[1] (Dkt. No. 1). Plaintiff's complaint alleges that Ms. Evergreen defamed him by distributing fliers bearing plaintiff's picture and false information about him. (Complaint at 3). Plaintiff further alleges that Ms. Evergreen and her family lied to the police about him and these actions led to a baseless no-contact order being issued against plaintiff by the local court. (*Id*. at 4). After screening plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court recommends, for reasons discussed below, that plaintiff's case be DISMISSED without prejudice.

---

[1] In addition to the present action, plaintiff has also recently filed two other civil rights complaints in federal court: *Czapla v. Seattle Police Dep't, et al.*, Case No. C08-84-RSM-MJB and *Czapla v. Carrey, et al.*, Case No. C08-151-RSL-JPD.

REPORT AND RECOMMENDATION
PAGE – 1

## DISCUSSION

In order to sustain a cause of action under 42 U.S.C. §1983, plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

In the instant case, it is apparent that plaintiff has not satisfied either of the two threshold requirements for bringing an action under § 1983. First, his claim that Ms. Evergreen defamed him, even if true, does not rise to the level of a constitutional violation. *See, e.g., Ellingburg v. Lucas,* 518 F.2d 1196, 1197 (8th Cir. 1975) (holding that damages for defamation are not recoverable under § 1983). Second, neither Ms. Evergreen, nor members of her family, acted under color of state law. Nor has plaintiff alleged that Ms. Evergreen and her family conspired with public officials to deprive him of his constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 920 (1984). Therefore, because he has not met the threshold requirements for proceeding under § 1983, plaintiff's complaint fails to state a claim upon which relief may be granted, and should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the present § 1983 complaint may not proceed, and the Court recommends that it be DISMISSED without prejudice.[2] Further, because the complaint fails to state a claim upon which relief may be granted, this dismissal should count as a "strike" under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and

---

[2] Because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiencies would be futile, the Court need not provide plaintiff with an opportunity to amend prior to dismissal. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

REPORT AND RECOMMENDATION
PAGE – 2

01 | Recommendation.

02 |     DATED this 27th day of February, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3